## CLAY, executor, *v.* KAGELMACHER.

1. If an executor advertised for sale several lots of land and sold them separately, and a person bid off one of them under an honest belief that he was bidding for another, and the mistake arose from statements made at the sale by the auctioneer, in the executor's presence, which were reasonably calculated to mislead and did actually mislead the bidder as to the identity of the lot being sold; and if there was no want of diligence on his part to ascertain what was the truth of the matter, he was not legally bound to comply with his bid, nor liable for any deficiency in price upon a resale of the land at his risk.

2. In the trial of an action for the recovery of such deficiency, declarations made at the first sale by a bystander then present, but neither in the presence of the executor nor the bidder, to

the effect that the latter had made a mistake as to the lot he was bidding on, and did not know what he was bidding for, were not admissible in evidence against the plaintiff; and where it was a closely contested question of fact as to whether or not the bidder was misled and acted under a mistake as alleged, error in admitting such evidence will require the granting of a new trial.

3. A plea alleging that there was a collusive arrangement between the executor and the purchaser at the second sale, by means of which the former was to acquire, and as a result of which he did actually acquire, indirectly, an interest in the land by virtue of this second sale, was available as a defense to such action, and there was no error in refusing to strike the same.

4. There was no error at the trial, either in rejecting evidence or in the charges complained of, and a new trial is ordered solely because of the error above indicated.

February 7, 1896.

Complaint. Before Judge Jones. City court of De-Kalb county. May term, 1895.

*Candler & Thomson*, for plaintiff.
*James A. Anderson*, for defendant.

ATKINSON, Justice.

The questions made in this case arose on the following state of facts: Clay, executor, plaintiff in error, had advertised certain property belonging to the estate of the testatrix (Mrs. Polly McWilliams) for sale. The land offered for sale had been subdivided into lots. Kagelmacher, defendant in error, was a bidder at that sale. The auctioneer exposed for sale one of the parcels of land, for which Kagelmacher became a bidder and which was knocked down to him at a stated price. When the executor demanded payment and offered to execute a deed, Kagelmacher declined to perform in accordance with his bid, alleging as a reason that he had been misled by the auctioneer into the supposition that he was bidding for a lot other than the one which was really knocked down to him. Upon his declining to comply with his bid, the executor proceeded to resell at his risk, and the property was subse-

quently resold. Whereupon the executor brought suit against the bidder for the difference between the price realized from the second sale of the property and the price stated in the bid of Kagelmacher. To this action Kagelmacher filed a plea, amongst others, to the effect that at the subsequent resale there was a combination between the executor and the purchaser at that sale, whereby the executor became a joint bidder with the purchaser. A motion was made to strike this plea because it was insufficient in law, which motion was overruled, and to this plaintiff in error excepted.

As to whether or not the bidder was actually misled by the conduct of the auctioneer, there was a conflict of testimony. Kagelmacher, the defendant in the case, and a number of witnesses whose testimony tended strongly to corroborate him, testified in substance that he was present at the sale to become a bidder, and that when the sale was in progress and the lot in controversy was offered, he asked the auctioneer as to the location of the particular lot, indicating that he desired to become a bidder for that lot, and that the auctioneer informed him that the lot being sold was the one concerning which he inquired, and, relying upon this statement by the auctioneer, his bid was made. A certain witness, who seems to have been a bystander, was permitted by the court to testify, over the objection of the plaintiff, to a declaration made by him to another bystander, to the effect that the bidder, the defendant in the case, was mistaken in his bid; and was permitted to testify likewise to the reply by the person addressed, to the effect that, "You can't fool a Dutchman." Objection was made to the introduction of this testimony, on the ground that it was hearsay and irrelevant; and the objection was overruled. The testimony of the plaintiff tended strongly to contradict that offered by the defendant; and upon the trial the case resulted in a verdict in favor of the defendant. A number of exceptions are taken to the charge of the court, as well

as to the ruling on the special complaint as hereinbefore stated; but we think the exceptions taken to the charge of the court may properly be considered in the discussion of the principle announced in the first head-note, and that they are involved in the inquiry as to whether at such a sale a purchaser can be misled by the auctioneer so as to excuse a compliance with his bid.

1. Whether it be at a judicial sale, a private sale, or a public auction, three things must concur in order to constitute a contract of sale: first, the identification of the thing sold; second, agreement as to the price to be paid; third, consent of the parties. If the transaction is wanting in any one of these three particulars, the contract of sale is necessarily incomplete. The assent of the parties must be, not only as to the identification of the thing sold, but as to the price to be paid; and unless the consent of both of the contracting parties be in the same sense to the same thing, then the minds of the parties have not met upon the central contracting thought, and the contract is incomplete. It is upon this theory that mistakes are relievable, when made without negligence on the part of the contracting party seeking to be relieved from the operation of his mistake; for, where a party has, apparently, formally entered into the requirements of a valid contract, in order to entitle himself to relief, he must show that there was no want of diligence on his part to ascertain the truth with respect to the transaction, or, that reposing confidence in the adverse contracting party—and having the right so to do—he has been, without fault on his part, misled by the statements of the other party touching the transaction concerning which they were about to contract. Bearing in mind these elementary thoughts, we are of the opinion that Kagelmacher, the bidder, was entitled to the relief which he sought, provided the jury gave credit to his version of the transaction. The auctioneer was the agent of the seller; he exposed the property for sale, and the bidder had a right to apply to him for infor-

mation concerning the identity of the thing he was about to sell; and if by false statement upon that subject he misled the bidder and thereby induced him to become the purchaser of property other than that which he represented himself to be selling, then, as between the parties to the transaction, there was wanting the element of assent to the contract of sale; and even though he might have been apparently bound by his bid, he might entitle himself to relief by proving these facts. Of course if he was not bound legally to comply with his bid, he would not be liable for any deficiency in price upon the resale of the property.

2. As we have before stated, the evidence upon the question as to whether Kagelmacher was misled was closely conflicting, and upon the trial of the case the circuit judge admitted in evidence declarations of bystanders as to their opinion concerning Kagelmacher's mistake. The opinion expressed was favorable to him; it was expressed neither in the presence of Clay nor Kagelmacher; it could not have entered into the transaction culminating in the sale; it was nothing more than the opinion of a bystander, and hearsay at that; and even if sworn to on the trial, would not itself have been admissible, the matter under investigation not being one of opinion, but of fact. The minds of the jury may have been influenced by this testimony, thus illegally admitted; and with the evidence in equipoise, it may have turned the balance in favor of the defendant, and we therefore conclude that its admission was harmful error.

3. The court committed no error in refusing to strike the plea filed by defendant, to which exception was taken. A *bona fide* resale by an executor is essential to the maintenance of his action for the recovery of a deficiency, and courts cannot countenance collusive arrangements between the executor and the intended purchaser at a resale, by which the executor becomes himself a part owner in the property so resold. The executor could not become a purchaser, either directly or indirectly, at his sale, and the sale

is voidable at the election of any person whose interest may be injuriously affected thereby.     *Judgment reversed.*